THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ASHLEY FERNANDES and ADNEY RODRIGUES, <br><br> Plaintiffs, <br><br> v. <br><br> SHREY BUSINESS INC. dba MELBO #2 FOOD STORE, RAHIMALI MAKNOJIA, INDIVIDUALLY and dba LEISURE TIME TECH, and IRFAN MAKNOJIA, INDIVIDUALLY and dba LEISURE TIME TECH, <br><br> Defendants. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:20-cv-349 |

PLAINTIFFS' ORIGINAL COMPLAINT

SUMMARY OF SUIT

1. Defendant Shrey Business Inc. dba Melbo #2 Food Store ("Melbo #2") is a gas station and food store owned and operated by Defendants Rahimali Maknojia ("R. Maknojia") and Irfan Maknojia ("I. Maknojia") (collectively, the "Maknojias") who also operate Leisure Time Tech at the same location. Reference to the "Defendants" is to Melbo #2 and the Maknojias, collectively. Unfortunately, the Defendants did not pay their non-exempt employees, Ashley Fernandes ("Fernandes") and Adney Rodrigues ("Rodrigues") (collectively, the "Plaintiffs"), time and one-half overtime wages for all hours worked over forty (40) per workweek.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2020) and 28 U.S.C. § 1331 (2020).

3. The Plaintiffs bring this Complaint in a district in which Melbo #2 does business.  As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2020).

## THE PARTIES

4. Fernandes was employed by the Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing his duties for the Defendants, Fernandes engaged in commerce or in the production of goods for commerce.

5. Rodrigues was employed by the Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing his duties for the Defendants, Rodrigues engaged in commerce or in the production of goods for commerce.

6. Melbo #2, an enterprise engaged in commerce, is a domestic corporation who has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs. Melbo's #2 may be served with process by serving its registered agent, R. Maknojia, at 20110 Windbury Court, Spring, Texas 77379.

7. R. Maknojia has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.  R. Maknojia may be served with process at 20110 Windbury Court, Spring, Texas 77379.

8. I. Maknojia has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.  R.

Maknojia may be served with process at 20110 Windbury Court, Spring, Texas 77379.

## BACKGROUND

9. Melbo #2 is one of two (2) gas stations and grocery stores owned by the Maknojias in the Houston area. Melbo #2 is open twenty-four (24) hours a day seven (7) days a week.

10. Fernandes was employed by the Defendants at Melbo #2 as a cashier, clerk and general laborer from August 2019 until November 21, 2019. Fernandes routinely worked more than forty (40) hours per week. Fernandes was paid in cash at his regular hourly rate for all hours worked, including overtime hours.

11. Rodrigues was employed by Melbo #2 as a cashier, clerk and general laborer from its opening in 2016 until November 21, 2019. Rodrigues routinely worked more than forty (40) hours per week. Rodrigues was paid in cash at his regular hourly rate for all hours worked, including overtime hours.

12. The Maknojias have a substantial financial interest in Melbo #2 and are directly involved in:

    a. the hiring and firing of Melbo #2 employees;

    b. the day-to-day operations of Melbo #2 as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by Melbo #2 employees;

    c. the Melbo #2's finances; and

    d. corporate decisions.

13. As a non-exempt employees, the Plaintiffs were entitled

to be paid one and one-half (1½) times their regular rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2020).

14.  No exemption excuses the Defendants from paying the Plaintiffs overtime compensation for all hours worked over forty (40) hours each work week.  Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiffs.

## CAUSE OF ACTION

### A. Unpaid Overtime Compensation

15.  The Plaintiffs regularly worked far in excess of forty (40) hours per week for which they were not compensated at one and one-half times their regular rate of pay.

16.  As non-exempt employees, the Plaintiffs were entitled to be paid time and one-half for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2020). Accordingly, the Defendants' practice of failing to pay the Plaintiffs overtime compensation was and is a clear violation of the FLSA.

17.  No exemption excused the Defendants from paying the Plaintiffs time and one-half for hours worked over forty (40) hours.  Nor did the Defendants make a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice

regarding overtime compensation with respect to the Plaintiffs.

18. Accordingly, the Plaintiffs are entitled to overtime pay in an amount which is one and one-half times their regular rate of pay.

19. Additionally, the Plaintiffs are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages.

20. Finally, the Plaintiffs entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2020).

## PRAYER

WHEREFORE, Plaintiffs Ashley Hernandes and Adney Rodrigues request that this Court award them judgment, jointly and severally, against Defendants Shrey Business Inc. dba Melbo #2 Food Store, Rahimali Maknojia, Individually and dba Leisure Time Tech, and Irgan Maknojia, Individually and dba Leisure Time Tech, for:

- a. damages for the full amount of their unpaid overtime compensation;
- b. an amount equal to their unpaid overtime compensation as liquidated damages;
- c. reasonable attorneys' fees, costs and expenses of this action;
- d. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and
- e. such other and further relief as may be allowed by law.

Respectfully submitted,

/s/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS
ASHLEY HERNANDES AND ADNEY RODRIGUES

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com